FILED
CLERK, U.S. DISTRICT COURT

JAN I 3 2009

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2008 Grand Jury

09- 0032

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR No. 09- |
| | ) | |
| Plaintiff, | ) | I N D I C T M E N T |
| | ) | |
| v. | ) | [50 U.S.C. §§ 1705(a), (c); |
| | ) | 15 C.F.R. §§ 736.2, 764.2, and |
| MICHAEL MING ZHANG, | ) | Parts 774 Supp. 1, 738 Supp. 1: |
| aka "John Zhang," | ) | Exporting National Security |
| aka "John Wen," | ) | Controlled Items Without a |
| | ) | License; 18 U.S.C. § 2320: |
| Defendant. | ) | Trafficking in Counterfeit |
| | ) | Goods] |
| | ) | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1.   Defendant MICHAEL MING ZHANG ("ZHANG"), also known as ("aka") John Zhang, aka John Wen, was President and General Manager of J.J. Electronics, a company located in Rancho Cucamonga, California ("JJE"), involved in the import and export of electronic components.  J.J. Shenzhen, aka J.J. Shenjie, aka Shenjie, was a branch company of JJE located in Shenzhen, People's Republic of China ("PRC"), which branch company was operated by ZHANG's cousin, Wang Jun.

2.    Fangyuan Electronics Ltd. ("Fangyuan") was a company located in Xian, PRC.  Unique Electronics was a company owned and operated by Fangyuan in the Hong Kong Special Administrative Region, PRC, and served as a trans-shipment point for goods exported from the United States to Fangyuan in the PRC. Defendant ZHANG is the Chief Representative of Fangyuan in the United States.

3.    Under the International Emergency Economic Powers Act ("IEEPA"), Title 50, United States Code, Sections 1701-1706, the President of the United States is granted the authority to deal with unusual and extraordinary threats to the national security, foreign policy, or economy of the United States.  The President declares national emergencies through Executive Orders that have the full force and effect of law.

4.    On August 17, 2001, under the authority of IEEPA, the President issued Executive Order 13222, which declared a national emergency with respect to the unrestricted access of foreign parties to United States goods and technology and extended the Export Administration Act of 1979, through the continuation of the Export Administration Regulations ("EAR"), set forth at Title 15, Code of Federal Regulations, Parts 730-774.  On August 15, 2007, the President issued an Executive Notice extending the national emergency declared in Executive Order 13222 from such time through the time covered by this Indictment.

5.    Pursuant to this authority, the Department of Commerce reviews and controls the export of certain goods and technology from the United States to foreign countries.  In particular, the Department of Commerce places restrictions on the export of goods

2

and technology that it deems could make a significant contribution to the military or nuclear proliferation of other nations or that could be detrimental to the foreign policy or national security of the United States.

6. The items described herein as "static random access memory ('SRAM') devices, part number STK14C88-5L45M," refer to SRAM devices manufactured by Cypress Semiconductor, a United States-based company located in San Jose, California. The items described herein as "MIC interface controllers, part number MIC-320GM," refer to electronic components manufactured by Vetronix Research Corporation, a United States-based company located in Hilton Head, South Carolina. These items were designated by the Department of Commerce as export-controlled items and could not be exported to the PRC without express authorization in the form of an export license issued by the Department of Commerce for specified end-users. These items were controlled by the Department of Commerce for export to the PRC for national security and anti-terrorism reasons.

7. At no time did defendant ZHANG have authorization in the form of an export license from the Department of Commerce to export SRAM devices, part number STK14C88-5L45M, or MIC interface controllers, part number MIC-320GM, to J.J. Shenzhen or Fangyuan.

COUNT ONE

[50 U.S.C. §§ 1705(a), (c); 15 C.F.R. §§ 736.2, 764.2,

Parts 774 Supp. 1, 738 Supp. 1]

8.    The introductory allegations set forth in paragraphs 1 through 7 of this Indictment are incorporated herein by this reference.

9.    On or about January 19, 2008, in San Bernardino County, within the Central District of California, and elsewhere, defendant ZHANG knowingly and willfully exported, from the United States to J.J. Shenzhen in the PRC, export-controlled items, namely, five SRAM devices, part number STK14C88-5L45M, without having first obtained a license from the United States Department of Commerce for authorization to export SRAM devices, part number STK14C88-5L45M, from the United States to J.J. Shenzhen.

COUNT TWO

[50 U.S.C. §§ 1705(a), (c); 15 C.F.R. §§ 736.2, 764.2,

Parts 774 Supp. 1, 738 Supp. 1]

10.  The introductory allegations set forth in paragraphs 1 through 7 of this Indictment are incorporated herein by this reference.

11.  On or about August 17, 2006, in San Bernardino County, within the Central District of California, and elsewhere, defendant ZHANG knowingly and willfully exported, from the United States to Fangyuan in the PRC, export-controlled items, namely, 134 MIC interface controllers, part number MIC-320GM, without having first obtained a license from the United States Department of Commerce for authorization to export MIC interface controllers, part number MIC-320GM, from the United States to Fangyuan.

COUNT THREE

[50 U.S.C. §§ 1705(a), (c); 15 C.F.R. §§ 736.2, 764.2,

Parts 774 Supp. 1, 738 Supp. 1]

12.    The introductory allegations set forth in paragraphs 1 through 7 of this Indictment are incorporated herein by this reference.

13.    On or about September 6, 2006, in San Bernardino County, within the Central District of California, and elsewhere, defendant ZHANG knowingly and willfully exported, from the United States to Fangyuan in the PRC, export-controlled items, namely, 134 MIC interface controllers, part number MIC-320GM, without having first obtained a license from the United States Department of Commerce for authorization to export MIC interface controllers, part number MIC-320GM, from the United States to Fangyuan.

COUNT FOUR

[50 U.S.C. §§ 1705(a), (c); 15 C.F.R. §§ 736.2, 764.2,

Parts 774 Supp. 1, 738 Supp. 1]

14.   The introductory allegations set forth in paragraphs 1 through 7 of this Indictment are incorporated herein by this reference.

15.   On or about September 16, 2006, in San Bernardino County, within the Central District of California, and elsewhere, defendant ZHANG knowingly and willfully exported, from the United States to Fangyuan in the PRC, export-controlled items, namely, 134 MIC interface controllers, part number MIC-320GM, without having first obtained a license from the United States Department of Commerce for authorization to export MIC interface controllers, part number MIC-320GM, from the United States to Fangyuan.

COUNT FIVE

[50 U.S.C. §§ 1705(a), (c); 15 C.F.R. §§ 736.2, 764.2, Parts 774 Supp. 1, 738 Supp. 1]

16.  The introductory allegations set forth in paragraphs 1 through 7 of this Indictment are incorporated herein by this reference.

17.  On or about December 19, 2006, in San Bernardino County, within the Central District of California, and elsewhere, defendant ZHANG knowingly and willfully exported, from the United States to Fangyuan in the PRC, export-controlled items, namely, 100 MIC interface controllers, part number MIC-320GM, without having first obtained a license from the United States Department of Commerce for authorization to export MIC interface controllers, part number MIC-320GM, from the United States to Fangyuan.

COUNT SIX

[18 U.S.C. § 2320]

On or about May 7, 2008, in San Bernardino County, within the Central District of California, and elsewhere, defendant MICHAEL MING ZHANG, also known as ("aka") John Zhang, aka John Wen, intentionally trafficked in goods, namely, electronic components, and knowingly used a counterfeit mark, namely, the brand name "Cisco," on and in connection with such goods, which mark was identical with and substantially indistinguishable from a genuine mark in use and duly registered for those goods on the principal register in the United States Patent and Trademark Office, and the use of which mark was likely to cause confusion, to cause mistake, and to deceive.

A TRUE BILL

/S/
_____
Foreperson

THOMAS P. O'BRIEN
United States Attorney

*David S. Goodman, Asst U.S. Atty*

*Deputy Chief, Criminal Division, FOR:*

CHRISTINE C. EWELL
Assistant United States Attorney
Chief, Criminal Division

EILEEN M. DECKER
Assistant United States Attorney
Chief, National Security Section

BONNIE L. HOBBS
Assistant United States Attorney
National Security Section

9