ORIGINAL

1  Thomas W Kielty, SBN 164186
2  2nd FL, Ste 200
   11400 W Olympic Blvd
3  Los Angeles, CA 90064-1584
4  (310) 393-0515 (Tel)
   (310) 626-8521 (Fax)
5  (310) 621-7928 (Cell)
6  tomkielty@earthlink.net
7  Attorney for Defendant
   Michael Ming Zhang
8

FILED
2009 APR 13 PM 3:34
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY ___

9            UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
10                  WESTERN DIVISION
11

12 | UNITED STATES OF AMERICA,    )
13 |                               ) CASE NO. CR 09-0032-R
   |      Plaintiff,               )
14 |                               ) NOTICE OF MOTION AND
15 | vs.                           ) MOTION TO DISMISS COUNT I,
   |                               ) II, III, IV AND V FOR
16 |                               ) JURISDICTIONALLY
   | MICHAEL MING ZHANG            ) DEFECTIVE VENUE
17 |                               )
   |      Defendant.               )
18 |                               )
   |_____)
19

                    **NOTICE OF MOTION**

20     To all parties and their attorneys: please take notice that on May 4,
21 2009 at 1:30 pm, defendant MICHAEL MING ZHANG's motion to dismiss
22
   Counts I, II, III, IV and V will be heard before the Honorable Manuel Real.
23
                                         //s//
24 Dated : 13 April 2009        _____
25                               Thomas W. Kielty,
                                 Attorney for Defendant
26
27
28                                     1
   NOTICE OF MOTION AND MOTION TO DISMISS COUNT I, II, III, IV AND V FOR
                  JURISDICTIONALLY DEFECTIVE VENUE;
                        CASE NO. CR 09-0032-R

## MOTION

Defendant MICHAEL MING ZHANG comes before this Honorable Court seeking an order dismissing Counts I, II, III, IV and V. This motion is based on the factual assertion that the alleged crimes took place, if at all, in the District of Columbia and on the legal proposition that pursuant to Rule 18 of the Federal Rules of Criminal Procedure and the United States Constitution, a defendant must be tried in the district in which the crime took place.  <u>United States v Cabrales</u> (1998) 524 US 1.

Dated : <u>13 April 2009</u>

//s//

Thomas W. Kielty,
Attorney for Defendant

//
//
//
//
//
//
//
//
//
//
//

2

## BRIEF SUMMARY OF THE ISSUE

In the case before this court, MICHAEL MING ZHANG is charged with failing to obtain an export license from the Department of Commerce. When an alleged crime is for failing to do an act, the crime takes place at the location where the act should have been done. In this case, MICHAEL MING ZHANG is charged with failing to have "first obtained a license from the United States Department of Commerce for authorization to export {various electronic parts} from the United States …." Indictment at 4 (Count 1), at 5 (Count 2), at 6 (Count 3), at 7 (Count 4) and at 8 (Count 5). The Department of Commerce is located in Washington D.C. Thus, the crime occurred in Washington D.C. and the only proper venue is in Washington D.C.

Dated : 13 April 2009

//s//  _____
Thomas W. Kielty,
Attorney for Defendant

//
//
//
//
//
//
//

# LEGAL ARGUMENT

### A. Crime must be prosecuted where it occurs

Rule 18 of the Federal Rules of Criminal Procedure provides in part: "Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed." Note the language is mandatory and not permissive. The government <u>must</u> prosecute an offense where it was committed.

The rule that a defendant <u>must</u> be tried in the district where the alleged crime took place is found both in Rule 18 of the Federal Rules of Criminal Procedure and in the United States Constitution. <u>United States v Cabrales</u> (1998) 524 US 1.

### B. Crimes occur where failure to act occurs

The United States Supreme Court made it clear that "where the crime charged is a failure to do a legally required act, <u>the place fixed for its performance fixes the situs of the crime</u>." Johnston v. U.S. 351 U.S. 215, 220 (emphasis added).

The court in explained more fully:

> We are led to this conclusion by the general rule that where the crime charged is a failure to do a legally required act, the place fixed for its performance fixes the situs of the crime. The possibility that registrants might be ordered to report to points remote from the situs of draft boards neither allows nor

4

NOTICE OF MOTION AND MOTION TO DISMISS COUNT I, II, III, IV AND V FOR JURISDICTIONALLY DEFECTIVE VENUE;
CASE NO. CR 09-0032-R

requires judicial changes in the law of venue. No showing of any arbitrary action appears in these cases. Article III of the Constitution and the Sixth Amendment fix venue "in the State" and "district wherein the crime shall have been committed." The venue of trial is thereby predetermined, but those provisions do not furnish guidance for determination of the place of the crime. That place is determined by the acts of the accused that violate a statute. This requirement of venue states the public policy that fixes the situs of the trial in the vicinage of the crime rather than the residence of the accused. Cf. United States v. Anderson, 328 U.S. 699, 705. A variation from that rule for convenience of the prosecution or the accused is not justified. The result would be delay and confusion.

Id. at 220, 221.

### C. Exportation is not crucial element of crime of regulations violation

Exportation is not a crucial element of the crime. Exportation is merely the backdrop for the crime. Exportation itself, with the proper license, is perfectly legal. The only thing that makes this conduct illegal is the failure to obtain the license.

In an Export Administration Regulations case, very similar to the case at bar, the court noted as follows in US v Montgomery, 441 F. Supp. 2d 58, 60 (D.C. Circuit 2006):

"The failure to act is instrumental to the charges being filed against the defendant. If he had requested and received authorization to export his goods, he would not be in violation of the denial order. However unlikely it is that permission to export would have been granted, he did not seek such permission. As defendant is charged with violations of the EAR, failure to ask for authorization to export becomes an element of each of those charges. This failure to act occurred in the District of Columbia."

### D. The government should be estopped from arguing that venue is proper where goods shipped from

In <u>US v Montgomery</u>, 441 F. Supp. 2d 58 (D.C. Circuit 2006) the U.S. Department of Justice argued that venue is fixed in the District of Columbia for Export Administration Regulation cases:

"The defense asserts that venue does not lie in the District of Columbia because all of Mr. Montgomery's export activity [**3] took place in either Washington State or Macedonia, not in the District of Columbia (Def.'s Mot. 8). The government does not challenge the factual basis of that assertion, but rather argues that Mr. Montgomery could have legally engaged in exporting goods had he followed the EAR, which states that a person subject to a denial order may engage in the prohibited export activity if he or she first obtains permission from the

information should have been filed with the Secretary of Labor in the District of Columbia); *Investors Funding Corp. of NY v. Jones*, 161 U.S. App. D.C. 420, 495 F. 2d 1000, 1002-03 (D.C. Cir. 1974) (finding action for injunctive relief to compel required filing should be brought in district where defendant failed to file). Omission of other actions is also prosecuted in the district in which the actions were to have occurred. See e.g. *United States v. Johnston*, 351 U.S. 215, 221, 76 S. Ct. 739, 100 L. Ed. 1097 (1952), *United States v. Anderson*, 328 U.S. 699, 703-05, 66 S. Ct. 1213, 90 L. Ed. 1529 (1946), *United States v. Scott*, 424 F. 2d 285 (4th Cir. 1970) (prosecutions for failures to act related to induction were deemed proper in the place to which the draftee or conscientious objector was supposed to appear). The case before the Court today is similar to these various examples. All of them demonstrate that when an individual has a duty to act in some way and does not, prosecution of the failure to act is properly in the district in which the omission occurred."

Id.

### F. Exportation cannot be a basis for venue

Exportation, rather than failure to obtain the license, cannot be a basis for venue because exportation is not a "single" act but rather a process that includes arrival at the foreign country destination. Thus, the goods weren't

8

NOTICE OF MOTION AND MOTION TO DISMISS COUNT I, II, III, IV AND V FOR JURISDICTIONALLY DEFECTIVE VENUE;
CASE NO. CR 09-0032-R

"exported" in the district. Rather, a process was begun in this district that ultimately concluded in the goods having been exported. Essentially, the goods just "passed through" the district, from the Future Electronics factory in Canada or the Vetronix factory in South Carolina, on their way to China.

Dated : 13 April 2009

//s// *[signature]*

Thomas W. Kielty,
Attorney for Defendant


# PROOF OF SERVICE

I served the foregoing document as follows:

Bonnie Hobbs, A.U.S.A.  
U.S. Attorney's Office  
312 N Spring Street  
Los Angeles, CA 90012

(by ~~email~~ *personal* service)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on 13 April 2009 at Los Angeles, California.

_____  
Thomas W. Kielty

10

NOTICE OF MOTION AND MOTION TO DISMISS COUNT I, II, III, IV AND V FOR JURISDICTIONALLY DEFECTIVE VENUE;  
CASE NO. CR 09-0032-R